59 F.3d 172
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 W. Mark WYATT, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY & GUARANTY CO., Defendant-Appellee.
 No. 94-5172.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 Before: KEITH and BATCHELDER, Circuit Judges; and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Mark Wyatt, appeals the judgment entered in favor of defendant-appellee, United States Fidelity & Guaranty Co. (USF&G). After a three-day bench trial, the district court found that USF&G did not violate Sec. 510 of ERISA (29 U.S.C. Sec. 1140) by terminating Wyatt in order to interfere with Wyatt's rights under USF&G's pension plan. Upon consideration of the issues presented by this appeal, we AFFIRM the district court's order.
 
 I.
 
 2
 Wyatt began working at USF&G as a Claims Adjuster in May, 1970. During his career at USF&G, Wyatt progressed within the claims department and in 1984 became the Assistant Manager of the claims unit in one of USF&G's branch offices in Tennessee.
 
 
 3
 In January, 1991, as a result of financial difficulties, USF&G was forced to implement a downsizing of operations that affected all USF&G offices and staff. Staff reductions took place, along with other cost-cutting measures, with employees' job performance considered as a critical factor in determining which employees would be dismissed. On June 7, 1991 Wyatt was terminated from his position with USF&G after twenty-one years of employment. At the time of his termination Wyatt was forty-nine years old and fully vested in USF&G's company funded pension plan. As a result of his termination, Wyatt received a severance package of $50,751.30. Wyatt was also entitled to withdraw whatever pension benefits he had accrued.
 
 
 4
 Several other managers in Wyatt's branch office, all of varying ages, were also terminated, demoted, or transferred. Wyatt was replaced by George Mahathy, the manager of another downsized branch office. Mahathy was fifty-four years old at the time and had experience at USF&G comparable to Wyatt's.
 
 II.
 
 5
 Appellant Wyatt first argues that the district court improperly prevented Wyatt's counsel from fully questioning one of Wyatt's witnesses. This Court reviews the trial court's evidentiary rulings regarding the admission of testimony under the abuse of discretion standard. Mitroff v. Xomox Corp., 797 F.2d 271, 275 (6th Cir. 1986) (citations omitted). We find that the trial court did not abuse its discretion in restricting the questioning of Wyatt's witness, Donald Beazley.
 
 
 6
 According to Wyatt, his witness, Beazley, would have testified regarding Beazley's knowledge that USF&G intended to terminate Wyatt and other USF&G employees to save on pension costs. In his affidavit, Beazley had opined that "one of the factors in USF&G's decision to terminate Mark Wyatt was the fact that the company would have to pay out more money on Mark Wyatt's pension benefits if he remained with the company until retirement." When questioned by Wyatt's counsel at trial, however, Beazley stated that in his opinion Wyatt was terminated because USF&G "want[ed] to get rid of the long-term employees that were drawing the major salaries as a cutback for the company." Beazley went on to testify, even after Wyatt's counsel mentioned pension benefits in relation to Wyatt's termination, that he knew of no other reason for terminating Wyatt. On cross-examination, counsel for USF&G asked no questions regarding this issue.
 
 
 7
 On redirect, Wyatt's counsel attempted to introduce Beazley's affidavit so Beazley would testify that USF&G intended to interfere with Wyatt's receipt of pension benefits. Because Beazley had already testified on this subject during direct, the district court prevented the use of the affidavit on that subject. We note that use of the affidavit during redirect would have exceeded the scope of cross-examination. Wyatt has not directed this Court to any authority to support his contention that the court abused its discretion in regulating the scope of re-direct examination. No substantial right of Wyatt's was denied by this evidentiary ruling, see Fed. R. Civ. P. 103; furthermore, the evidence makes clear that the content of the Beazley affidavit was inadmissible as an opinion amounting to a legal conclusion. See Mitroff, 797 F.2d at 276. We find that the district court acted properly and within the court's discretion to control witness testimony.
 
 
 8
 Wyatt next asserts numerous assignments of error, all of which amount to the contention that the district court's judgment in favor of USF&G is clearly erroneous and against the weight of evidence presented at trial. Wyatt had to prove at trial that a "motivating factor" behind USF&G's decision to terminate him was the intent to interfere with Wyatt's attainment of pension benefits. Humphreys v. Bellaire Corp., 966 F.2d 1037, 1043 (6th Cir. 1992) (citations omitted). After the three-day bench trial, the district court ruled that Wyatt had failed to present "any evidence" that USF&G terminated Wyatt at least in part with an intent to violate ERISA.
 
 
 9
 We find that the district court adequately considered all of the evidence presented at trial and that the court's findings of fact are not clearly erroneous. Further, we find no error in the district court's conclusions of law and its resultant judgment in favor of USF&G. In the absence of any evidence of intent to violate ERISA, the district court could have granted judgment to USF&G because Wyatt failed to state a prima facie case of a Sec. 510 violation. However, the district court went on to find that USF&G had terminated Wyatt for legitimate business reasons. The court considered the convincing evidence presented by USF&G that the decision to terminate Wyatt was motivated solely by the need to reduce the current operating expenses through salary cutbacks. This evidence included the 1990 audit finding that the pension plan was adequately funded (which Wyatt does not dispute), the fact that the approaching maturity of USF&G's bank debt necessitated immediate financial savings company-wide, and uncontradicted evidence that the company's staff reductions affected employees of all levels -- older and younger employees alike. The district court's factual findings are well supported by the record in this case. We do not find that the district court disregarded Wyatt's evidence or witnesses. We do not find that the district court failed to liberally construe ERISA in favor of Wyatt. We do not find the district court's findings against the clear weight of the evidence. And we do not find that USF&G's stated reasons for terminating Wyatt are pretextual. Consequently, the district court's order granting judgment in favor of USF&G is affirmed.
 
 III.
 
 10
 Based on the foregoing, the district court's order is AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Court for the Eastern District of Michigan