Gary L. POTTS,

v.

NATIONAL HEALTHCARE, L.P.

No. 3–95–0660.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 26, 1996.

W. Neil Thomas, III, J. Christopher Hall, Chattanooga, TN, for Plaintiff.

R. Eddie Wayland, Christopher M. Kato, Nashville, TN, for Defendant.

MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 25). For the reasons explained herein, Defendant's Motion for Summary Judgment (Docket No. 25) is GRANTED, and this case is dismissed.

Plaintiff, a citizen of Nebraska, alleges that he was terminated from his employment with Defendant, a Delaware corporation with its principal place of business in Tennessee, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and in violation of Section 510 (29 U.S.C. § 1140) of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). He alleges jurisdiction in this Court pursuant to 28 U.S.C. §§ 1331 and 1332(a).

It is undisputed that Plaintiff was employed by Defendant from 1977 until his termination on or about August 3, 1994. Plaintiff alleges that he was terminated because of the disabilities of his two daughters,[1] who were dependents under Plaintiff's health care insurance with Defendant. It is also undisputed that Defendant was self-insured with respect to employee health insurance up to approximately $75,000 per covered individual.

Defendant claims that Plaintiff was terminated because his position was eliminated and the program with which he worked was discontinued. Defendant further contends that Plaintiff's position was eliminated and the program discontinued for economic reasons, specifically because of limitations on reimbursement funds from Medicare.

Defendant asserts that it is entitled to summary judgment on Plaintiff's ADA claim because Plaintiff cannot prove that the individuals involved in the decision to terminate Plaintiff's employment even *knew* about the alleged disabilities of Plaintiff's daughters and because Plaintiff cannot establish the elements of a prima facie case under the ADA.

Defendant also contends that it is entitled to summary judgment on Plaintiff's ERISA claim because Plaintiff cannot establish the elements of a prima facie case under Section 510 of ERISA and because Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination.

Plaintiff, on the other hand, contends that there are genuine issues of material fact as to these claims and that he "will be able to show with primarily circumstantial and indirect evidence that reasons given by NHC in the form of statements and opinions as the basis for Potts' termination are a mere pretext for the discriminatory basis of its actions in terminating Potts." *See* Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, p. 1.

As provided in Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). Of course, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2513–14, 91 L.Ed.2d at 216.

The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

The Supreme Court concluded in *Anderson* that a dispute about a material fact is "genuine" within the meaning of Rule 56 only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. Since the preponderance of the evidence

---

1. It is undisputed, for purposes of this motion, that one of Plaintiff's daughters has a congenital heart problem and another daughter has a growth hormone deficiency.

standard is used in this determination, more than a mere scintilla of evidence in support of the non-moving party's position is required. *Id.* at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

Once a motion for summary judgment has been made, "the nonmoving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.,* 921 F.2d 1343, 1349 (6th Cir.1991). The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby requiring resolution of the parties' differing versions of the truth by a jury or judge. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

## ADA CLAIM

The Americans with Disabilities Act of 1990, prohibits, among other things, "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). Plaintiff alleges that Defendant violated this portion of the ADA.

■ In order to prevail under this section of the ADA, Plaintiff must show that the alleged disability was, in the words of the statute, "known." In other words, Plaintiff must show that those responsible for his termination *knew,* at the time of the termi-

nation, of the alleged disability. *See, e.g., Hedberg v. Indiana Bell Telephone Co.,* 47 F.3d 928, 932 (7th Cir.1995); *Maddox v. University of Tennessee,* 62 F.3d 843, 848 (6th Cir.1995) (noting that the head coach and athletic director who fired the plaintiff had no prior knowledge of his alcoholism); *Landefeld v. Marion General Hosp., Inc.,* 994 F.2d 1178, 1181 (6th Cir.1993) (no showing that Board which suspended plaintiff had any knowledge of plaintiff's mental illness).

In *Morisky v. Broward County,* 80 F.3d 445 (11th Cir.1996), the court held that a plaintiff cannot sustain a prima facie case of handicap discrimination without proof that the employer had actual or constructive knowledge of the disability. *Id.* at 448. The court quoted *Hedberg* as follows:

> At the most basic level, it is intuitively clear when viewing the ADA's language in a straightforward manner that an employer cannot fire an employee "because of" a disability unless it knows of the disability. If it does not know of the disability, the employer is firing the employee "because of" some other reason.

*Id.* (quoting *Hedberg,* 47 F.3d at 932); *see also Miller v. National Casualty Co.,* 61 F.3d 627, 630 (8th Cir.1995) ("since [defendant] did not know of plaintiff's disability until after her employment was terminated, it would have been impossible for the company to have made that disability the basis for the termination").

Despite his assurances, Plaintiff is unable to cite any credible evidence to rebut Defendants' testimony that the only two persons involved in the decision to terminate Plaintiff, Mr. Blevins and Mr. Burgess,[2] did not know about Plaintiff's daughters' alleged disabilities or their medical claims. The evidence cited by Plaintiff to rebut this fact is simply insufficient under Rule 56(e) to avoid summary judgment.

For example, in response to several of Defendant's Statements of Undisputed Facts, Plaintiff responded as follows: "This state-

---

2. Plaintiff disputes Defendant's assertion that Blevins and Burgess were the only individuals involved in the decision to terminate Plaintiff, but he cites no specific facts to support that

position or to demonstrate a genuine issue of material fact. The Court, therefore, takes this fact to be undisputed for purposes of this motion.

ment is disputed insofar as it is a statement of the opinion of an NHC employee or former employee and it is a mere pretext for NHC's actions in terminating Potts." *See, e.g.*, Plaintiff's Response Nos. 25–28.

Plaintiff's response cannot and does not create a genuine issue of material fact. First, Plaintiff fails to comply with Local Rule 8(7)(c), which requires that each disputed fact must be supported by specific citation to the record. In addition, if Plaintiff claims these facts are disputed, he must come forward with specific facts to demonstrate a genuine issue for trial. Fed.R.Civ.P. 56(e). Plaintiff has failed to do so.

The only evidence which Plaintiff even arguably sets forth to dispute the fact that neither person involved in his termination decision knew about his daughters' alleged disabilities is a bald assertion, with no citation to the record, that Plaintiff had talked about his daughters' health problems with his immediate supervisor, Mr. Blevins. Plaintiff's unsupported statement is insufficient under Rule 56(e) to avoid summary judgment on this issue.[3]

Neither may Plaintiff avoid summary judgment on this issue by his assertions that (1) Defendant's management committee regularly discussed health insurance; (2) Defendant made reports of health claims available to members of the management committee; or (3) Defendant's health care representatives receive reports of individual health claims.

Plaintiff has failed, first of all, to show that either Mr. Blevins or Mr. Burgess was a member of the management committee. Secondly, Plaintiff has failed to show that either Mr. Blevins or Mr. Burgess was a health care representative. Third, Plaintiff has failed to present any proof that Mr. Blevins or Mr. Burgess ever received any information concerning Plaintiff's specific health care claims. Plaintiff has also failed to rebut the sworn testimony of Defendant's representative that, at the management committee meetings, no specific claims of specific employees were ever discussed.

Thus, Plaintiff has demonstrated no evidence from which it would be reasonable to conclude that Blevins or Burgess knew of Plaintiff's daughters' alleged disabilities or their health insurance claims. As in *Hamm v. Runyon,* 51 F.3d 721, 725 (7th Cir.1995), Plaintiff here invites us to draw inferences that are merely speculative. And, "speculation does not meet a party's burden of producing some defense to a summary judgment motion." *Id.* (citing *Hedberg,* 47 F.3d at 931–32).

The cases cited by Plaintiff are distinguishable on this point about knowledge of the disabilities in question. In *Folz v. Marriott Corp.,* it was clear that the defendant knew about the plaintiff's multiple sclerosis. *Folz v. Marriott Corp.,* 594 F.Supp. 1007, 1011 (W.D.Mo.1984). In *LeCompte v. Freeport–McMoran,* 4 A.D. Cases 412, 1995 WL 313700 (E.D.La.1995), the defendant conceded that it knew about plaintiff's daughter's medical needs. 1995 WL 313700 at *2. Similarly, in *Gower v. Wrenn Handling, Inc.,* 892 F.Supp. 724 (M.D.N.C.1995), there was clear evidence that defendant knew about plaintiff's son's medical condition and bills. *Id.* at 728–29.

In summary, if Plaintiff has "circumstantial and indirect evidence" sufficient to rebut Defendant's assertions, as he contends, he must come forward with specific facts on this motion, and he has not. Plaintiff has offered no specific evidence, no affidavits from anyone, to say that Mr. Blevins and Mr. Burgess were aware of Plaintiff's daughters' health problems or medical claims prior to Plaintiff's termination.

The Sixth Circuit has held that Defendant may challenge Plaintiff to "put up or shut up" on an essential element of his claim. *See Street,* 886 F.2d at 1478. If Plaintiff cannot "put up," summary judgment is appropriate. *Id.*

For all these reasons, Plaintiff has failed to establish that there exist genuine issues of material fact as to his ADA claim, and Defen-

---

**3.** Plaintiff also avers that he discussed his daughters' health problems with Dan McKinnon, Administrator of Parkwood Nursing Home, the facility in which Plaintiff worked. Even accepting this statement as true for purposes of this motion, it is not material, since Mr. McKinnon had no role in Plaintiff's termination.

dant is entitled to judgment as a matter of law on this issue.

### ERISA CLAIM

■ Section 510 of ERISA makes it unlawful to discharge or otherwise discriminate against an employee for the purpose of interfering with certain protected rights. *Poff v. Chattanooga Group, Inc.*, 912 F.Supp. 298, 305 (E.D.Tenn.1996); 29 U.S.C. § 1140. To analyze claims under Section 510, courts use the *Burdine*[4] burden-shifting paradigm familiar to Title VII cases. *Id.* The *Burdine* analysis is summarized as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection. ..." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir.1988) (citing *Burdine*, 450 U.S. at 252–53, 101 S.Ct. at 1093, and quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)).[5]

■ The ultimate burden of proving a case of employment discrimination rests at all times with the plaintiff. *Poff*, 912 F.Supp. at 306.

■ To establish his prima facie case under Section 510 of ERISA, Plaintiff must show (1) prohibited employer conduct, (2) taken for the purpose of interfering (3) with the attainment of any right to which he may become entitled. *Poff*, 912 F.Supp. at 305 (citing *Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1043 (6th Cir.1992)). To demonstrate a violation of Section 510, an employee must show that the employer had a specific intent to violate ERISA. *Poff*, 912 F.Supp. at 305. The employee need not show that the employer's *sole* purpose for the discharge was interference with the employee's benefits, but rather that it was a "motivating factor" in the decision. *Id*[6]

■ If a plaintiff fails to show an employer's specific intent to violate Section 510 of ERISA, the plaintiff fails to demonstrate a prima facie case, and a court may grant summary judgment. *Poff*, 912 F.Supp. at 306 (citing *Wyatt v. United States Fidelity & Guaranty Co.* 59 F.3d 172 (table), 1995 WL 376719 at *2 (6th Cir.1995)). Thus, where the loss of benefits was a consequence of or incidental to the employee's discharge, there is an absence of specific intent. *Poff*, 912 F.Supp. at 306.

ERISA guarantees that no employee will be terminated where the purpose of the discharge is the interference with one's pension rights. *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 238 (4th Cir.1991). "Consequently, it is necessary to separate the firings which have an incidental, albeit important, effect on an employee's pension rights from the actionable firings, in which the effect of the firing on the employer's pension obligation was a motivating factor in the firing decision." *Id.*

■ Plaintiff must establish more than the mere fact that termination of his employment meant a monetary savings to Defendant, for otherwise, an ERISA violation would automatically occur every time an employer terminated a fully-vested employee. *Nixon v. Celotex Corp.*, 693 F.Supp. 547, 555 (W.D.Mich.1988) (citing *Donohue v. Custom*

---

4. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

5. "When an employment decision is adverse to a plaintiff, the shifting burden of proof is designed to sharpen vague allegations of discrimination and flush out the true reasons that prompted an employer's action." *Dister*, 859 F.2d at 1111–12.

6. Section 510 was designed primarily to prevent "unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights." *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir.1988) (citing *West v. Butler*, 621 F.2d 240, 245 (6th Cir.1980)).

*Management Corp.*, 634 F.Supp. 1190, 1197 (W.D.Pa.1986)).

The "something more" which must be shown is a causal link between the plaintiff's benefits and the adverse employment decision. *Nixon*, 693 F.Supp. at 555. "In order to survive defendants' motion for summary judgment, plaintiff must come forward with evidence from which a reasonable jury could find that defendants' desire to avoid pension liability was a determining factor in plaintiff's discharge." *Id.*

A review of the evidence in the light most favorable to the Plaintiff reveals that Plaintiff has failed to produce sufficient evidence to establish a prima facie case under ERISA. There is no direct or circumstantial evidence of a specific intent to violate ERISA.

Plaintiff has failed to produce any evidence that his termination was for the purpose of interfering with his employee benefits under the ERISA plan. Plaintiff has failed to rebut Defendant's sworn testimony that neither Mr. Blevins nor Mr. Burgess even knew whether Plaintiff was covered under Defendant's employee health care plan. They could not, therefore, have terminated him for the purpose of interfering with those rights.

Therefore, the Court finds that Plaintiff has failed to establish his prima facie case under ERISA and Defendant is, accordingly, entitled to judgment as a matter of law.

■ Even if Plaintiff had established his prima facie case, however, Defendant has come forward with a legitimate, nondiscriminatory reason for Plaintiff's termination. Defendant has produced sufficient admissible evidence that the position held by the Plaintiff was eliminated and the program in which he was employed was discontinued. Defendant asserts that reimbursement funds from Medicare were limited and, for economic reasons, it made the business decision to terminate the program in which Plaintiff was the only employee and to eliminate Plaintiff's position.

If the employer successfully asserts a legitimate reason for its actions, then the presumption of wrongful action drops from the case, and the plaintiff must either prove that the interference with benefits was a motivat-ing factor in the employer's actions or prove that the employer's proffered reason is unworthy of credence. *Humphreys*, 966 F.2d at 1043. In other words, the plaintiff must then prove by a preponderance of the evidence that the defendant's proffered legitimate reasons were actually a pretext for discrimination. *Poff*, 912 F.Supp. at 305.

■ To show pretext, the plaintiff "must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Id.* (citing *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1083 (6th Cir.1994)). To make this showing, the plaintiff is required to show either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the discharge, or (3) that the proffered reasons were insufficient to motivate the discharge. *Id.*

Here, Plaintiff has presented no evidence to show that Defendant's reasons are pretexual. Although he asserts that he "will be able to show with primarily circumstantial and indirect evidence that reasons given by NHC in the form of statements and opinions as the basis for Potts' termination are a mere pretext for the discriminatory basis of its actions in terminating Potts," he has failed to offer any evidence that Defendant's proffered reasons have no basis in fact, were not the motivating factor in the decision, or were insufficient to motivate the discharge.

In *Humphreys*, the court stated that any possible inference of pretext that might be drawn from the proximity of plaintiff's termination to the vesting of his benefits was eliminated because the plaintiff was discharged on or about the date of the sale of the mine in which he worked. *Humphreys*, 966 F.2d at 1044–45. Similarly, here, any inference of pretext from the fact that Plaintiff's daughters both have disabilities and have submitted claims under Defendant's employee health care plan is eliminated because Plaintiff was discharged on or about the date of the elimination of his position and discontinuance of his program.

The Court finds that the reasons proffered by Defendant are not pretexual. The reasons for Defendant's discharging him—eco-

nomic factors requiring elimination of his position and discontinuance of his program—are legitimate business reasons. It is not the court's role to review a company's business decisions or question the soundness of an employer's business judgment. *Poff,* 912 F.Supp. at 307; *see also Dister,* 859 F.2d at 1116 ("it is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal.")

As in *Poff,* the Plaintiff has offered little more than "mere personal beliefs, conjecture and speculation," which are insufficient to support a Section 510 claim. *See Poff,* 912 F.Supp. at 307. There is really no proof supporting Plaintiff's claim of pretext other than the fact that his termination probably did save Defendant some money. That is not enough to carry the Plaintiff's burden. *See Conkwright,* 933 F.2d at 239.

For all these reasons, Plaintiff cannot sustain his ERISA claim, and Defendant is entitled to judgment as a matter of law on this issue.

### CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 25) is GRANTED, and this case is dismissed.

It is so ORDERED.