98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ovalla A. JOBE, Plaintiff-Appellant,
v.
HARDAWAY MANAGEMENT COMPANY, INC., Defendant-Appellee.
 No. 95-6484.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a summary judgment for the defendant in this race and sex discrimination in employment case brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Ovalla Jobe filed an employment discrimination complaint against Hardaway Management Company, Inc., an apartment management corporation, in which she claimed that she had been wrongfully terminated on the basis of her race and sex. The defendant responded and moved for summary judgment. The district court granted the defendant's motion in a brief, three sentence order. This appeal followed. The parties have briefed the issues; Jobe is proceeding without benefit of counsel.
 
 
 3
 Jobe, an African-American female, was employed as an assistant manager at the Edgehill Village Apartments in Nashville, Tennessee. Jobe received a series of unsatisfactory job performance reports in 1991 and 1992. Specifically, Jobe was cited for non-professionalism, two charges of violating company rules and regulations when handling money and one charge of insubordination in a period from August 1991 through January 1992. Jobe's employment was resultantly terminated and she was replaced by an African-American male.
 
 
 4
 Jobe initially pursued an action through the Equal Employment Opportunity Commission in which she contended that her termination was because of her race and sex. The EEOC ultimately determined that there was insufficient evidence to substantiate her claims. Jobe thereafter filed the present action in federal court, repeating her claims of race and sex discrimination, and the district court granted summary judgment for Hardaway.
 
 
 5
 Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 6
 To proceed to trial on a Title VII complaint, a plaintiff must either produce credible, direct evidence of discriminatory intent in her termination, see Terbovitz v. Fiscal Court of Adair County, Ky., 825 F.2d 111, 114-15 (6th Cir.1987), or establish a prima facie case of discrimination under the evidentiary framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). The employer must then articulate a nondiscriminatory explanation for the termination. Finally, the burden shifts back to the plaintiff to demonstrate that the explanation is pretextual. Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1083 (6th Cir.1994).
 
 
 7
 The record reflects that Jobe has not produced direct evidence of discriminatory intent. In addition, it is clear that Jobe has failed to set forth a prima facie case of race discrimination as she was undeniably replaced by another African-American. Finally, even assuming Jobe set forth a prima facie case of sex discrimination, the uncontradicted evidence of record is that Hardaway terminated Jobe's employment for violation of a clearly delineated company policy for handling rental receipts. Jobe's attempts to explain her break from policy in this regard do not negate the fact of her noncompliance. This explanation satisfies the McDonnell Douglas/Burdine test. This appeal lacks merit.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.