**Jerry KIRKPATRICK, Plaintiff,**

v.

**GENERAL ELECTRIC, a New York corporation; and Tom Lime, Defendants.**

**Civil Action No. 96–40128.**

United States District Court,
E.D. Michigan,
Southern Division.

July 11, 1997.

E. Michael Morris, Birmingham, MI, for Plaintiff.

Tom A. King, Baker & Hostetler, Cleveland, OH, for Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

GADOLA, District Judge.

On May 7, 1997, this court entered an order granting the defendants', General Electric and Tom Lime, motion for summary judgment and dismissing the plaintiff, Jerry Kirkpatrick's ("Kirkpatrick"), age discrimination action against them. *See Kirkpatrick v. General Electric*, 963 F.Supp. 628 (E.D.Mich. 1997). In his May 27, 1997 motion, Kirkpatrick requests that this court reconsider its findings and order. Specifically, Kirkpatrick asserts that this court erred in finding that since plaintiff used his 1993 job evaluation to establish his *prima facie* case, he could not use this "qualification" evidence as circumstantial evidence of age discrimination. Kirkpatrick also asserts that this court erred in finding that defendants had met their burden of showing a legitimate non-discriminatory reason for firing plaintiff. Finally,

Kirkpatrick asserts that this court erred in finding that plaintiff had failed to produce sufficient evidence from which a jury could reasonably reject the defendants' explanation.

■ At the outset, this court notes that plaintiff's repeated contention, that he was denied his "day in court" because this court decided to dispense with oral argument, is unavailing. While this court understands plaintiff's desire to present his position at oral argument, this court is not convinced that its decision to dispense with oral argument rises to the level of a constitutional violation as plaintiff seems to insinuate. It is well settled that:

> ... the court has the power to order summary judgment without a hearing if it feels that sufficient information is available in the pleadings and the papers in support of and opposition to the motion so that a hearing would be of no utility.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure: Civil 2d*, § 2720.1, p. 37 (2d Ed.1983) (citing cases).[1]

While plaintiff asserts that this court committed "error" for the three reasons stated above, plaintiff never couches his arguments in the appropriate standard of review for a motion for reconsideration. The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from correction thereof." L.R. 7.1(h)(3) (E.D.Mich. Jan. 1, 1992). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest or plain. Webster's New World Dictionary 974 (3rd Ed.1988). The Local Rules also provide that any motion for reconsideration which merely presents the same issues relied upon by the court, either expressly or by reasonable implication, shall be denied. L.R. 7.1(h)(3) (E.D.Mich. Jan. 1, 1992).

■ Kirkpatrick has not demonstrated that a palpable defect occurred in this court's May 7, 1997 order. Indeed, Kirkpatrick's argument in support of reconsideration merely reiterates the arguments presented to this court in his response contesting summary judgment. This court has already considered these arguments and has resolved them against Kirkpatrick.

■ This court, however, will take this opportunity to further elucidate the conclusions of the May 7, 1997 order. First, in support of plaintiff's contention that this court erred in finding that plaintiff could not use his 1993 job evaluation as circumstantial evidence of age discrimination since he had used it to establish his *prima facie* case, *see Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1085 (6th Cir.1994), plaintiff simply restates his assertion that he satisfies the elements of a *prima facie* case. Particularly, plaintiff restates that, in order to satisfy the "qualified for the position" prong of a *prima facie* showing, he "had *successfully* worked as a district or regional sales manager at G.E. for over twelve (12) years." (emphasis added). While plaintiff contends that this court need not rely upon, and in fact contends that it was "error" for this court to rely upon, the 1993 job evaluation to satisfy this element of the *prima facie* case, he offers no evidence other than the 1993 job evaluation to support his contention that he was qualified for the position.[2] Accordingly, this court finds that plaintiff has not demonstrated a palpable defect in this regard.

■ Second, plaintiff alleges that this court erred by finding, as a matter of law, that defendants had met their burden of showing a legitimate, non-discriminatory rea-

---

1. Plaintiff also makes much ado about the defendants having the last word by virtue of filing a reply brief and then this court cancelling oral argument. Plaintiff should know, however, that even at oral argument, it is this court's practice to allow the moving party to "have the last word."

2. While defendants apparently concede that plaintiff was previously qualified for the position, they maintain that he did not satisfy the new requirements for the Regional Sales Manager ("RSM") position. It is to show that plaintiff was qualified to meet those requirements that plaintiff must offer the 1993 job evaluation.

**460**

son for firing him when there were factual issues to be resolved. Plaintiff is, of course, referring to the second step in the burden shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiff, however, misconstrues the burden shifting process. As the *Burdine* court emphasized, this second step of the burden shifting process is only one of "production"—not persuasion—because "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. *See*, 29 F.3d at 1082. Since defendants more than adequately met their burden of *production*, this court finds that plaintiff has not demonstrated a palpable defect in this regard.

■ Finally, Kirkpatrick asserts that this court erred in finding that plaintiff had failed to produce sufficient evidence from which a jury could reasonably reject the defendants' explanation. First plaintiff claims that he specifically refuted the factual basis underlying defendants' non-discriminatory reason for firing him, to wit: GE did not believe plaintiff had the skills necessary to meet the challenges posed by increased competition and customer demands. Plaintiff, however, fails to overcome even his own admission[3] that Lime did receive a mandate to upgrade the consumers sales organization. Instead, plaintiff states that "[e]ven if this is true, an employer cannot practice age discrimination. . . ." Therein lies the rub. Once the factual basis is conceded, it is plaintiff's burden to establish that "the sheer weight of the circumstantial evidence of discrimination

makes it 'more likely than not' that the employer's explanation is a pretext, or coverup." *Manzer*, 29 F.3d at 1084. In this regard plaintiff has failed to proffer any new arguments[4] and, instead, simply restates his previous arguments which this court found to be unpersuasive. This court is not convinced that plaintiff has demonstrated a palpable defect in this court's finding that no reasonable trier of fact could determine that defendants' explanation for firing plaintiff, more likely than not, was pretextual.

### ORDER

Therefore, it is hereby **ORDERED** that the plaintiff's motion for reconsideration is **DENIED.**

**SO ORDERED.**

---

**3.** Plaintiff contends that this court took his admission out of context. He fails, however, to provide to this court any relevant evidence which would support that contention.

**4.** Plaintiff does rely upon a newly cited case, *Fite v. First Tennessee Prod. Credit Assoc.*, 861 F.2d 884 (6th Cir.1988), which he claims is analogous to the facts presented in the case at bar. In *Fite*, however, the employer contended that the non-discriminatory reason for firing plaintiff was his prior job performance. By contrast, in the instant case, defendants' reason for firing plaintiff

was that he did not satisfy the requirements of the mandate to upgrade the RSM position. Moreover, the *Manzer* court relied on *Fite* as "an ordinary example of a successful showing of the first type discussed above, *i.e.*, that the defendant's nondiscriminatory reasons lacked a basis in facto" *Id.* at 1085 n. 4. As this court has previously found, plaintiff has not been able to convincingly challenge defendants' nondiscriminatory reason as being "factually false." As such, *Fite* is inapposite.