**Phyllis WHITAKER, Plaintiff–Appellant,**

v.

**Howard WALLACE, Individually and in his Official Capacity as Superintendent of Magoffin County Schools, and Magoffin County Board of Education, Defendants–Appellees.**

No. 97–6227.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 11, 1998.

Decided Jan. 27, 1999. *

Ordered published March 11, 1999.

* This decision was originally issued as an "unpublished decision" filed on January 27, 1999. On March 3, 1999, the court designated the opinion as one recommended for full-text publication.

542

John C. Collins (briefed), Collins & Allen, Salyersville, KY, for Plaintiff–Appellant.

Michael J. Schmitt (briefed), Wells, Porter, Schmitt & Jones, Paintsville, KY, for Defendants–Appellees.

Before: NELSON, SILER, and DAUGHTREY, Circuit Judges.

DAUGHTREY, Circuit Judge.

This action was brought under 42 U.S.C. § 1983, alleging violation of rights under the First Amendment. The plaintiff, Phyllis Whitaker, is a former administrative employee of the Magoffin County (Kentucky) Board of Education, who was reassigned from her administrative position to the position of classroom teacher after her husband, Carter Whitaker, resigned as superintendent of schools in 1993. Whitaker alleged that she had been demoted in retaliation for her association with her husband.

The district court granted summary judgment to the defendants, Howard Wallace (the new superintendent) and the Magoffin County Board of Education, on the ground that Phyllis Whitaker would have been reassigned, regardless of her affiliation with Carter Whitaker, because she was not properly certified for the administrative position she held. On appeal, Whitaker contends that the district court erred in determining that the defendants articulated a non-discriminatory explanation for her reassignment.

We conclude that there is no merit to the appellant's arguments and that the judgment of the district court must therefore be affirmed.

## PROCEDURAL AND FACTUAL BACKGROUND

Shortly after her marriage to Carter Whitaker in July 1977, Phyllis Whitaker was hired as an elementary school teacher by Carter's father, Herald Whitaker, who was then the superintendent of the Magoffin County school system. At the time she was hired, Phyllis Whitaker was properly certified as an elementary school teacher. Carter Whitaker replaced his father as superintendent in 1986. Phyllis taught grades one, two, four and five until 1988, at which time she began teaching in the computer laboratory. In the computer laboratory, she continued to teach elementary level students.

In 1990, upon the recommendation of Superintendent Whitaker, the Magoffin County Board of Education created a new position entitled "testing coordinator." This position involved administering tests and interpreting test results for both elementary *and* high school students. The only specific certification required for the position was a general teacher's certification. Phyllis Whitaker was appointed to the position. Whit-

aker later testified at her deposition that she did not have a certificate for grades nine through twelve, even though her duties included coordinating testing and assessment of high school students.[1] In 1993 Whitaker's title was changed from "testing coordinator" to "assessment coordinator," but her duties remained the same. During the 1993–1994 school year, Whitaker also served as "coordinator of extended school services," which involved supervising after-school and summer school programs at both the elementary and high school levels.

Certified employees of each local school district are required to submit annual professional staff data forms indicating their positions, responsibilities, qualifications, and the appropriate code for their position. These forms are sent to the Kentucky Department of Education. For the 1990–1991 school year, Whitaker listed her position as "testing coordinator" under code 9000. Code 9000 applies to "other certified positions" not on the data code list. In 1991–1992, she listed her job as "testing coordinator" under code 0580, and in 1992–1993 and 1993–1994, she listed her job as "elementary education program consultant" under code 0580. Code 0580 applies to a position of consultant in an academic field for elementary students.

Carter Whitaker resigned as superintendent in June 1993, after the Kentucky Department of Education filed charges seeking to remove him as superintendent. All five elected members of the Magoffin County Board of Education also resigned. In addition, charges were brought against Phyllis Whitaker, but she was ultimately acquitted of these charges. Ray Hammers was appointed as interim superintendent by the Kentucky Department of Education in August 1993. The Department of Education also appointed interim members of the Board of Education. On February 1, 1994, the interim school board hired Howard Wallace as the new superintendent.

In August 1993, Hammers, the interim superintendent, ordered an audit including investigation of professional staff data forms. The audit revealed that Phyllis Whitaker's form indicated that she served as an elementary curriculum consultant even though there was no such position in the school district at that time. Hammers ordered the assistant superintendent, Charlotte Gillum, to edit the form to reflect Whitaker's duties more accurately. The edited form submitted to the Kentucky Department of Education reflected Whitaker's status as a "director of district wide services." It also indicated that Whitaker oversaw the testing of high school students, as well as elementary school students. Hammers and Gillum were both aware, however, that Whitaker did not have the certification necessary to qualify as a director of district-wide services because she did not have an administrative certificate and because her teaching certificate was limited to grades one through eight. Gillum stated in her affidavit that she informed Whitaker that her professional data form had been edited to reflect her actual duties, and that she did not have the proper administrative qualifications for that position. Gillum also indicated that she suggested to Whitaker that she obtain additional education to qualify for the required certifications, but that Whitaker said that she was not interested in obtaining the necessary certification.

Wallace, the newly elected superintendent, was informed by Hammers that Whitaker was not properly certified. In February 1994, Wallace asked Whitaker if she would consider taking classes necessary to obtain certification, and Whitaker again indicated that she would not take any additional classes. On April 14, 1994, Wallace received

---

1. In an affidavit signed in March 1997 the plaintiff asserts that her duties as testing/assessment coordinator were limited to the elementary schools and one middle school. This statement was apparently an attempt to defeat defendants' argument that she was not qualified for her position because she needed certification for grades nine through twelve. However, this statement directly contradicts her deposition testimony and other evidence in the record that indicates that her duties did include tasks regarding the high school. As noted by the district court, "Whitaker may not now alter her position to conflict with her deposition testimony and thereby create a genuine issue of fact." District Court Opinion at 10 (citing *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir.1984)). Phyllis Whitaker's affidavit testimony in this regard must therefore be disregarded.

a letter and related attachments from the Kentucky Department of Education indicating that Whitaker was not certified for her position, and that the situation must be corrected for the 1994–1995 school year. Wallace consulted with the school board attorney who advised him that "the process had begun long before [Wallace] had ever been employed by the District but that, at that given point in time, he had no choice but to reassign Whitaker to a position which was commensurate with her certifications."

In accordance with the mandate of the Kentucky Department of Education, Wallace informed Whitaker on April 29, 1994, that she was not qualified to hold the position of director of district wide services, that she would be reassigned to teaching duties beginning July 1, 1994, and that her salary would therefore be reduced by $13,172.00. In a letter dated May 4, 1994, Whitaker requested specific reasons for her demotion. Wallace set out the reasons for her reassignment in a letter dated May 6, 1994. Whitaker requested a hearing before the school board. A hearing was held and the board affirmed the reassignment.

Phyllis Whitaker initiated this suit in state court, asserting that she was demoted by the defendants because of her association with her husband. She argued that this demotion constituted a violation of her First Amendment right of freedom of association with her husband, a violation of her First Amendment rights of freedom of association and speech to support Magoffin County school board candidates of her choice and to criticize policies and procedures of the defendants, and an arbitrary administrative act.

The defendants filed a timely notice of removal to federal court. There, the district court subsequently granted summary judgment to the defendants on the First Amendment claims, holding that the defendants presented a non-discriminatory explanation for the reassignment and that Whitaker did not prove that this explanation was pretextual. The district court remanded the arbitrary administrative action claim to state court.

## DISCUSSION

In granting summary judgment to the defendants, the district court relied on well-established legal principles. Those principles dictate that if the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendants to present a legitimate non-discriminatory reason for the adverse employment action. *See Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1082 (6th Cir.1994). If the defendants satisfy this burden of production, the burden then shifts back to the plaintiff to rebut this explanation by showing that it is pretextual. To establish that the explanation is pretextual, "the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [the plaintiff's] discharge, or (3) that they were insufficient to motivate the discharge." *Manzer*, 29 F.3d at 1084 (internal quotation marks and citations omitted).

We may assume for purposes of this analysis that Whitaker has established a prima facie case. The defendants insist that they nevertheless have provided a legitimate, non-discriminatory explanation for her reassignment, arguing that the plaintiff was not qualified for the position of testing/assessment coordinator because: (1) she did not hold and was unwilling to obtain a required "administrative certification," and (2) she did not hold and was unwilling to obtain a required "nine through twelve certification." The district court held that an administrative certification was not necessary for the position of assessment coordinator and that this reason may not be relied upon as a non-discriminatory explanation. However, the court found that Whitaker did need to be certified for grades nine through twelve to fully perform her duties as assessment coordinator and accepted this as a legitimate non-discriminatory explanation for Whitaker's reassignment.

We conclude that the district court was correct in finding that Whitaker needed to be certified for grades nine through twelve in order to qualify for the position of assessment coordinator. Despite Whitaker's last minute attempt to change her testimony and

create an issue of fact in this regard, she acknowledged in her deposition testimony that her duties as assessment coordinator included coordinating the testing and assessment of high school students. Furthermore, the record indicates that Whitaker did in fact fulfill duties that involved the high school and high school students. Since it is undisputed that Whitaker does not have certification that would qualify her to fulfill duties relating to high school students, and given that she is unwilling to obtain such certification, her lack of certification in this regard is a sufficient non-discriminatory explanation for her reassignment.

In addition, even if it had not been clear that Whitaker did actually need a "nine through twelve certification," it is clear from the record that Wallace was told by Hammers, the interim superintendent, that Whitaker needed additional certification. This requirement was reiterated to Wallace by the Kentucky Department of Education, which mandated that Wallace remove Whitaker because of her lack of certification. Wallace also consulted with the school board attorney in this regard prior to reassigning Whitaker and was told that he had no choice but to reassign her. Wallace clearly believed that Whitaker needed an additional certification and was acting in accord with the mandate of the Kentucky Department of Education. This explanation was consistently articulated, has some basis in fact, and constitutes a sufficient reason for reassignment. *See Manzer,* 29 F.3d at 1084. The defendants need not prove a non-discriminatory reason but "need merely *articulate* a valid rationale." *Hartsel v. Keys,* 87 F.3d 795, 800 (6th Cir.1996). Wallace was clearly motivated to reassign Whitaker by a concern that she was not adequately qualified. The school board merely affirmed this decision.

■ After determining that the defendants had offered a non-discriminatory explanation for Whitaker's reassignment, the district court determined that the plaintiff did not show that the offered explanation was pretextual. We agree with the district court's analysis in this regard. Although Whitaker did present some evidence to support the argument that the explanation pro-

vided was merely pretextual, that evidence is not compelling and amounts to no more than a "mere scintilla." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For example, Whitaker presented evidence that other employees who were friends of Carter Whitaker have filed suits against Wallace and/or the school board, also alleging retaliation. However, the fact that other employees have made claims or filed suit does not establish that those claims are valid or that the alleged facts underlying those claims are true. The plaintiff provided no evidence whatever to establish that Wallace "was primarily motivated by a desire to punish and penalize [her] for her affiliation with her husband," as she alleged in her complaint, except for the fact that Wallace criticized policies that had been implemented by her husband. That, obviously; is not sufficient evidence to establish pretext. The plaintiff does provide some indication that some of the school board members who affirmed her reassignment may have disliked the way her husband had run the school district. However, this evidence alone does not establish that the school board "was primarily motivated by a desire to punish and penalize [her] for her affiliation with her husband," as alleged in her complaint.

In summary, we find that the plaintiff has not established that the legitimate, non-discriminatory explanation provided by defendants was pretextual. It follows that the defendants were entitled to a grant of summary judgment on the § 1983 claims.

### CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.