**FOUNTAIN CHURCH OF GOD IN CHRIST and Alvan Rimson, Plaintiffs,**

v.

**CHARTER TOWNSHIP OF SCIO, et al., Defendants.**

No. 98–70640.

United States District Court, E.D. Michigan, Southern Division.

April 7, 1999.

consult with the EEO and four months after she was advised to contact the EEO office.)

Ben Whitfield, Jr. Detroit, MI, for plaintiffs.

Kevin T. McGraw, Lansing, MI, for defendants.

## MEMORANDUM

COHN, District Judge.

### I.

This is a race discrimination case. Plaintiffs Fountain Church of God in Christ (the Church) and Alvan Rimson (Rimson) (collectively referred to as "plaintiffs") bring claims under 42 U.S.C. §§ 1981, 1982, and 1983, and Michigan's Elliott–Larsen Civil Rights Act, Mich. Comp. Laws Ann. § 37.2101 *et seq.*

The Church contracted to purchase land in Scio Township to construct a church. The land is zoned General Agriculture (A–1). The contract for sale was contingent upon the Church receiving the necessary use permits. Plaintiffs are suing defendants Charter Township of Scio, *et al.*, (collectively referred to as "defendants") for refusing to grant the Church a conditional use permit on the basis of the racial composition of the Church, which is primarily African American. The asserted reason for the denial of the permit was the lack of "harmoniousness and compatibility" of the proposed use with the objectives of the Township's zoning ordinance.

### II.

Defendants move for summary judgment and sanctions; plaintiffs oppose the motions. The parties agree that plaintiffs' claims are analyzed under the burden-shifting analysis set forth in *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. *See Selden Apartments v. U.S. Dep't. of Housing and Urban Dev.*, 785 F.2d 152, 159 (6th Cir.1986); *Daniels v. Board of Educ.*, 805 F.2d 203, 207 (6th Cir.1986); *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1311 (6th Cir. 1989).

There is no direct evidence of discrimination. The Church claims it has established a prima facie case using circumstantial evidence because its members are primarily African American, it was qualified for a conditional use permit, and its application for a permit was rejected. *See, e.g., Selden Apartments*, 785 F.2d at 159. The Church claims it was qualified for the conditional use permit based on an initial "Conditional Land Use Analysis" that was prepared for the Township by Carlisle Associates, apparently an independent planner. The Analysis noted that "[w]e are generally favorable towards a recommendation of approval of the conditional land use ... [h]owever additional information needs to be provided," including topographic information, a detailing of the scope of the proposed use, and soil suitability.

In response, defendants proffer legitimate, nondiscriminatory reasons for denying the permit: among other things, the proposed use was not "harmonious and in accordance with the objectives and regulations of the ordinance." Therefore, defendants rebut the presumption of unlawful discrimination that arises from plaintiffs' prima facie case. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817.

■ Because defendants advance a legitimate, nondiscriminatory reason, plaintiffs must show that defendants' reasons were a pretext for discrimination *and* that the defendants intended to discriminate on the basis of race. *See Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1166 (6th Cir.1996). Although such a showing may be made by the fact finder's disbelief of defendants' reasons together with the elements of a prima facie case, the trier of fact may not reject defendants' reasons unless plaintiffs produce "sufficient evidence from which the jury may reasonably reject [defendants'] explanation." *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1083 (6th Cir.1994). In order to show that defendants' explanation lacks merit, plaintiffs must demonstrate that the proffered reasons: (1) had no basis in fact, (2) were not the actual reasons, or (3) were insufficient to explain the action. *Id.* at 1084. The ultimate burden of persuasion always remains with the plaintiff. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 518, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■ Plaintiffs make much of the fact that defendants have granted permits to five purportedly "white churches" on other pieces of property where there were similar concerns raised by the public. Plaintiffs, however, have not proffered evidence to support a finding that the other churches are similarly situated; the characteristics of the other sites and the characteristics of the subject property, including the nature of the proposed use, are not part of the record.

As stated on the record at the hearing on March 31, 1999, the Court has given plaintiffs an opportunity to retain an expert to compare *in detail* the sites of the five churches that were granted a conditional use permit with the subject property and the proposed use. If plaintiffs choose to retain an expert, plaintiffs shall lodge with the Court a letter of engagement retaining the expert and an outline of the study by April 20, 1999. Plaintiffs shall file a copy of the completed study by August 20, 1999. Defendants will have until September 20, 1999 to respond to the study. If plaintiffs do not retain an expert by April 20, 1999, the Court will rule on the motions on the record as it now stands.

At the hearing, defendants' counsel expressed disagreement with the Court's decision to give plaintiffs this opportunity due to the effort already expended in litigating this matter. Although the Court is

cognizant of effort expended, rectitude of decision commands the highest priority in this Court.