MERRITT, Circuit Judge,
concurring in part and dissenting in part.
I agree with the Court on all points except that I do not find that the Plaintiff has demonstrated that Nissan’s stated reasons for discharge were pretextual. Nissan has come forward with a legitimate non-discriminatory reason for Cantrell’s termination. In July 2002, Nissan reprimanded Cantrell for her “inappropriate behavior” up to that point, warned her that any further inappropriate behavior could result in termination of employment, and reassigned her to a new group. Rather than reporting to her new assignment, Cantrell took a leave of absence. When she finally did report to her new post, she worked there for less than two weeks before the same old problems ensued. Nissan contends that this latest incident in light of her continuing inability to do the jobs to which she was assigned and her “history of gross misconduct” motivated the company to discharge Cantrell. I agree with my colleagues that the reason proffered by Nissan both had a basis in fact and was sufficient to justify Cantrell’s discharge. Majority Opinion at -. I disagree with the Court’s conclusion, however, that the Plaintiff can demonstrate the existence of “circumstances which tend to prove that an illegal motivation was more likely than that offered by the Defendant.” Id. (quoting Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d *109 1078, 1084 (6th Cir.1994)) (emphasis in original).
My colleagues simply speculate that while Nissan had a legitimate and sufficient basis to terminate Cantrell, a jury could find they were not actually motivated by this legitimate reason. Instead, they find that Cantrell can show that it is “more likely than not” that Nissan fired Cantrell in response to her EEOC filing. The Court holds that a jury could find it more likely than not that the nondiscriminatory reasons justifying termination were merely an excuse disguising the company’s retaliation. The only stated reason for this finding is that Nissan did not terminate Cantrell earlier when her behavior was more egregious. Majority Opinion at-. My fear is that the majority’s opinion makes it nearly impossible for an employer to terminate an employee if that employee has filed a claim with the EEOC, even if it is clear that the employer has a valid reason to terminate the employee. An EEOC filing alone should not serve as an insurance policy against discharge when the reasons for the employer’s actions are as strong as they are in this case.
The most I can say is that the facts here create no more than a state of evidentiary “equilibrium” on this point. Cantrell is unable to show that “it is more likely than not” that Nissan’s proffered reasons are simply pretextual. Plaintiff has the burden, and she has not carried it. I would affirm the District Court’s decision granting summary judgment on the plaintiffs retaliation claim.