**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0699n.06**
**Filed: August 11, 2005**

**No. 03-3941**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HOWARD L. FAISON, JR., | ) | |
| Plaintiff - Appellant, | ) | |
| | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE NORTHERN** |
| MAHONING COUNTY SHERIFF'S | ) | **DISTRICT OF OHIO AT** |
| DEPARTMENT, et al., | ) | **YOUNGSTOWN** |
| Defendants - Appellees. | ) | |
| | | **OPINION** |

BEFORE:    NELSON and COLE, Circuit Judges; SARGUS, District Judge[*]

**SARGUS, District Judge.** Plaintiff, Howard L. Faison, Jr., appeals the decision of the

district court granting summary judgment on his claim of racial discrimination under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, against the Mahoning County Sheriff's

Department. Also named as a Defendant is Randall Wellington, Sheriff of Mahoning County,

Ohio. Plaintiff, who is African-American, alleges that Defendants failed to promote him to the

rank of Captain on account of his race. The district court granted summary judgment on this

claim finding that, although the Plaintiff established a *prima facie* case of discrimination,

Plaintiff failed to show that Defendants' proffered legitimate nondiscriminatory reasons were

pretextual. The court also granted summary judgment on Plaintiff's claims under 42 U.S.C. §

1983. For the reasons that follow, the decision of the district court is affirmed in part and

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of
Ohio Eastern Division, sitting by designation.

reversed in part.

# I.

## Background

Plaintiff commenced employment with the Mahoning County Sheriff's Department in 1974. He originally worked as an Auxiliary Deputy Sheriff. (JA 33). Plaintiff was later hired to full-time status as a midnight jailer at the Mahoning County Jail. (*Id.*). Two years later, Plaintiff was promoted to Corporal of Jail Personnel. (JA 34). In December 1976, Plaintiff took a promotional examination for the rank of Sergeant. (*Id.*). Plaintiff was later promoted, by then Sheriff Ray T. Davis, to the rank of Sergeant. Plaintiff was also transferred from the Mahoning County Jail Division to the Patrol Division. (*Id.*). Sheriff Davis was later replaced by Sheriff Michael Yarosh, who demoted Plaintiff for a short time and then later re-promoted him to the rank of Sergeant. (*Id.*). When Sheriff Yarosh died, he was replaced by Sheriff George Tablack, who reassigned Plaintiff to the Detectives' Division. (*Id.*).

In 1980, Sheriff James Traficant, Jr. demoted all officers, including Plaintiff, to the position of Deputy Sheriff. (JA 35). The officers were later re-instated after prevailing on a challenge to Traficant's action. (*Id.*). On May 20, 1990, Sheriff Edward Nemeth promoted Plaintiff to the rank of Lieutenant. Plaintiff took a promotional examination prior to this appointment. (*Id.*). In 1997, Plaintiff was reassigned, by Sheriff Chance, to the Corrections Division. Sheriff Chance later made Plaintiff Officer in Charge of the Detectives' Division. (JA 37). Sometime thereafter, Sheriff Chance asked Plaintiff to oversee the Corrections Division. Plaintiff agreed, on the assumption that he would receive a promotion and/or a pay increase. (*Id.*). Plaintiff never received the promotion or pay increase sought. In 1998, Sheriff Chance

2

reassigned Plaintiff to other duties in the Corrections Division and Captain Anthony Tabachino

began oversight of the Division.[1] (JA 38-39).

On June 12, 1998, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights

Commission and the Equal Employment Opportunity Commission ["EEOC"]claiming that he

had been denied promotion to the rank of Captain and that he had been denied a pay increase on

account of his race. (JA 369). On January 31, 2000, the EEOC issued a Notice of Right to Sue.

(JA 14). Plaintiff filed suit in the Northern District of Ohio on April 28, 2000. (JA 1).

On April 27, 2000, Sheriff Wellington issued Special Order #00-077 to establish "a

formal organizational structure through which clear-cut channels of authority and a logical

arrangement of work can be accomplished." (JA 40). The Sheriff's Special Order reorganized

the Mahoning County Sheriff's Department so that Major Lewandowski and Major Budd served

immediately below Sheriff Wellington. The Special Order also provided that Captain Tabachino

and Lieutenants Faison (Plaintiff) and Scanlon were second in charge of their division. (JA 41).

On May 30, 2001, the Sheriff's Department announced that a promotional examination

would be held for the ranks of Lieutenant and Captain. (JA 41). Although Plaintiff enlisted to

sit for the exam, he did not take it. (JA 42).

In his complaint, Plaintiff claims that for "at least as far as the last twenty-five years . . .

all white officers who have ever held the post of Jail Administrator were promoted to the

position of Captain. Not since January of 1975 has there been a Black person promoted to the

rank of Captain in this job or in any other job in the Department . . . ." (Complaint at ¶ 15, JA

---

[1]Sheriff Chance left the Mahoning County Sheriff's Department in 1999 after federal felony charges were filed against him. Sheriff Wellington then took office.

10-11). Plaintiff further claims that in the past "several years," more than six white officers were promoted to the rank of Captain without having to take or pass a civil service test. "No such opportunities have ever been afford[ed] a Black employee." (*Id.* at ¶ 16, JA 11). Plaintiff also claims that "as of the date of the filing of this complaint, [Sheriff] Wellington has taken overt action to perpetuate and to continue the racially discriminatory policies and practices of the Mahoning County Sheriff Department" by Special Order #00-077. (*Id.* at ¶ 20, JA 11). In his complaint, Plaintiff seeks relief under Title VII as well as the Equal Protection Clause of the United States Constitution. (JA 12).

In its Memorandum Opinion and Order on summary judgment, the district court observed that the "gravamen of the Complaint is [Plaintiff's] Title VII claim arising from the Defendants' failure to promote him to Captain, and, or, compensate him at a Captain's rate of pay, during his service as Assistant Warden." (Opinion at 42, JA 65).[2] The court evaluated the claim using the indirect method of proof as Plaintiff proffered no direct evidence of discrimination. As the court stated, under this method, a *prima facie* case of discrimination requires showing that: "(1) [Plaintiff] is a member of a protected class; (2) he was qualified for and applied for the promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied." (Opinion at 43, JA 66). The district court concluded that Plaintiff satisfied each element of a *prima facie* case.

The district court concluded, however, that the Defendant provided legitimate,

---

[2]The district court did not consider certain other of Plaintiff's claims on the basis of failure to exhaust administrative remedies.

nondiscriminatory reasons for the challenged action. In particular: (1) that the collective bargaining agreement precluded the Sheriff from promoting individuals except from eligibility lists established by an objective promotional examination; (2) that any failure to follow the collective bargaining agreement was because of political, not racially discriminatory, reasons; and (3) that there was no obligation to promote Plaintiff because the policies of the Mahoning County Sheriff Department provide that a Captain or Lieutenant may perform the duties of a Warden. (Opinion at 50, JA 73).

The district court concluded that none of these reasons were a pretext for unlawful discrimination. With respect to the first two proffered reasons for the allegedly discriminatory action, the court stated, in pertinent part:

> The Plaintiff conclusively has demonstrated the falsity of the Defendants' stated reason of preserving the CBA's promotional procedures by showing that the Defendants awarded two promotions without utilizing those procedures. However, the Plaintiff specifically asserts that the two promotions were the result of the Defendants' "political manipulation" of the civil service system . . . and that the Defendants made the promotional decisions out of "political expediency."

> While Plaintiff has revealed the falsity of the Defendants' proffered explanation, in doing so he has advanced a theory that obviates any racially discriminatory inference that may arise from this falsehood. No reasonable factfinder could infer racial discrimination from the Defendants' falsehood in light of the allegations concerning political manipulation . . . .

(Opinion at 54-55, JA 77-78).

With respect to the third proffered reason, the court found that Plaintiff failed to come forward with any evidence of pretext. (Opinion at 57, JA 80).

The district court also considered Plaintiff's Title VII claim premised upon Sheriff Chance's removal of Plaintiff from the Assistant Warden position and his placement of Captain

5

Tabachino, a white male, in a supervisory position over the jail. The court held that the evidence failed to demonstrate that Tabachino was a similarly situated non-protected employee, since it was undisputed that Tabachino held a higher classified rank than Plaintiff and routinely supervised Plaintiff during his tenure at the Sheriff's Department. (Opinion at 60, JA 83).

With respect to Plaintiff's claims under 42 U.S.C. § 1983, the Court held that Plaintiff failed to demonstrate a violation of equal protection since the claim arose from the "identical factual predicates as those underlying the Title VII claims," which failed to survive summary judgment. (Opinion at 67, JA 90). In addition, the Court found that Plaintiff's due process claim failed because Plaintiff "failed to offer any allegation as to the inadequacy of the state's post-deprivation procedures." (Opinion at 68, JA 91). Furthermore, the court noted that Plaintiff could have filed a grievance with his union and could have pursued other remedies under state law. (Opinion at 69, JA 92).

## II.

### Standard of Review

This court reviews a district court's grant of summary judgment *de novo*. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when there are no genuine issues as to any material fact. In determining whether genuine issues of material fact exist, the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists, and summary judgment is inappropriate, when there is sufficient "evidence on which the jury could reasonably find for the plaintiff."

6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).


## III.

## Analysis

Plaintiff's Title VII race discrimination claim is analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under this framework, the Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. In the context of a claim for failure to promote, this requires Plaintiff to show: (1) he is a member of a protected class; (2) he applied for and was qualified for the position; (3) he was considered for and was denied the position; and (4) the position remained open or was given to a less qualified applicant who was not a member of the protected class. *Roh v. Lakeshore Estates, Inc.*, 241 F.3d 491, 497 (6th Cir. 2001).

Once the Plaintiff establishes these elements, the burden of production shifts to the Defendants to offer a legitimate, nondiscriminatory reason for the adverse action. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000). The burden then shifts back to the Plaintiff to show that the articulated reasons are merely a pretext for unlawful discrimination. The Plaintiff can meet this burden by showing that the Defendants' articulated reasons: (1) have no basis in fact; (2) did not actually motivate the actions; or (3) were insufficient to warrant the actions. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994).

Applying this framework to the case at bar, this court first finds no error in the district

7

court's conclusion that Plaintiff established a *prima facie* case for discrimination on the basis of race under Title VII. In addition, contrary to Defendants' argument on appeal, the district court did not misapply the decision in *Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2001). In *Dews*, this court held that, in the context of a Title VII failure to promote case, "a plaintiff does not have to establish that he applied for and was considered for the promotion when the employer does not notify its employees of the available promotion or does not provide a formal mechanism for expressing interest in the promotion." 231 F.3d at 1022.

As the district court found, the record in this case conclusively demonstrates that the Defendants at bar awarded several individuals (Carbon, Tomaino, Lewandowski, and Tabachino) the rank of Captain without requiring these individuals to register for or take a promotional examination.[3] Thus, consistent with *Dews*, it is unnecessary for Plaintiff to show that he applied for and was considered for the position of Captain. In addition, there is no issue as to Plaintiff's qualifications for the position of Captain since the undisputed facts show that Plaintiff meets the collective bargaining agreement's criteria for achieving the rank of Captain.

This court next considers the district court's finding that the Defendants' proffered reasons for the adverse action Plaintiff suffered were not pretexts for discrimination. As stated above, the district court considered three proffered reasons: (1) that the collective bargaining agreement precluded Sheriff Chance from promoting individuals who had not taken a promotional exam; (2) that any failure to follow the collective bargaining agreement was due to political, not racial, motive; and (3) that there was no reason to promote Plaintiff because the

---

[3]Indeed, it is apparent from the record that the Mahoning County Sheriff's Department has a history of placing employees in positions irrespective of the procedure outlined in the collective bargaining agreement.

policies of the Mahoning County Sheriff's Department provide that Captain or Lieutenant can perform the duties of a Warden.

The Court finds no error in the district court's conclusion that Plaintiff came forward with no evidence to show that the third proffered reason was pretextual. The Court disagrees, however, with the district court's conclusion as to the first two proffered reasons. With respect to these reasons, the district court held that, while Plaintiff showed their falsity, no reasonable factfinder could conclude that racial discrimination was a motive. The court reached this conclusion in view of Plaintiff's arguments that Defendants actions were politically motivated.

As the Supreme Court observed in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000), "it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." (emphasis in original). The trier of fact may also, however, reach a contrary conclusion. In addition, the Court stated, "[c]ertainly there will be instances where, although the plaintiff has established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Reeves*, 530 U.S. at 148. In such cases, judgment as a matter of law for the Defendant would be warranted.

This Court is not convinced that the facts at bar constitute an instance where no rational factfinder could conclude the Defendants' action was motivated by race. In the Court's view, despite Plaintiff's allegations of political favoritism, any inference to be drawn from the falsity of the Defendants' first two proffered reasons for the challenged action is for the trier of fact to assess.

Although the district court properly concluded that the Plaintiff came forward with no

9

evidence to show that the third proffered reason was pretextual, it does not, as Defendants argue, necessarily follow from *Reeves* that the Defendants are entitled to judgment as a matter of law. The Defendants' third proffered reason is that promotion of the Plaintiff to captain, while promised, was not required for his job duties as Warden, because department regulations stated that this position could be performed by a captain or lieutenant. Accordingly, Defendants argue that since they were not *required* to promote the Plaintiff, there can be no discriminatory motive. Such an argument misunderstands the applicable review on summary judgment. Though the Defendants are correct in noting that promotion was not required, a rational trier of fact could conclude that a discriminatory motive nevertheless affected the decision. In other words, a jury could reasonably find that if the Plaintiff were a white man, the Defendants would have followed through on their promise to promote him.

The district court also granted summary judgment on Plaintiff's § 1983 Equal Protection claim because Plaintiff's Title VII claim failed. In view of this court's conclusion as to Plaintiff's Title VII claim, the district court should reconsider the merits of Plaintiff's Equal Protection claim. However, the court finds no error in the district court's dismissal of the Plaintiff's § 1983 Due Process claim.

## IV.

### Conclusion

The judgment of the district court is AFFIRMED in part and REVERSED in part. This case is REMANDED to the district court for proceedings consistent with the foregoing.

**IT IS SO ORDERED.**