NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0074n.06
Filed: January 27, 2006

No. 04-6496

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN D. PRESTON, | ) | |
| | ) | |
| Plaintiff-appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| CLAYTON HOMES, INC., or CMH OF | ) | STATES DISTRICT COURT FOR THE |
| KY., INC., d/b/a CLAYTON HOMES, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-appellee. | ) | |
| | ) | |
| | ) | |

Before: GUY and GIBBONS, Circuit Judges; and EDMUNDS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Plaintiff-appellant John D. Preston appeals the district court's grant of summary judgment in favor of his employer, CMH of Ky., Inc. ("Clayton Homes"). Preston filed this discrimination claim in Kentucky state court, alleging that Clayton Homes terminated him on account of his age. Defendant-appellee Clayton Homes removed to federal court. Following discovery, Clayton Homes moved for summary judgment, which the district court granted. For the following reasons, we affirm the district court's grant of summary judgment in favor of Clayton Homes.

I.

---

[*] The Honorable Nancy G. Edmunds, United States District Court for the Eastern District of Michigan, sitting by designation.

In 1996, Preston began working as a sales representative for Clayton Homes, which builds and sells mobile homes. Preston was approximately forty-five years old when hired. Over the course of the next few years, Preston received multiple promotions, becoming sales manager of Clayton Homes's Middlesboro, Kentucky lot and later its Harold, Kentucky lot. The Harold lot was the top Clayton Homes location in terms of sales, and Preston received numerous sales awards for his work.

In October of 2000, however, regional manager Danny Maples reprimanded Preston for selling a repossessed home to a customer without first obtaining approved financing. To allow a mobile home to be delivered or occupied without obtaining payment in full or securing approved financing for the balance owed is referred to as having a house "out of trust." Preston acknowledges that Clayton Homes's official policy does not allow for the sale or delivery of out-of-trust mobile homes. The written reprimand, which Preston signed, likewise states that Preston's conduct was a violation of company policy. Under Clayton Homes's disciplinary policy, there are six "Progressive Discipline Steps": Step 1, "Expectation/Results Desired Clearly Communicated"; Step 2, "Benefit of the Doubt Given/Reinforcement of Expectations"; Step 3, "Verbal Warning"; Step 4, "Written Warning"; Step 5, "Penalty/Suspension"; Step 6, "Self-Termination." The October 2000 reprimand was designated a Step 5. In June 2001, a second regional manager, Daryl Stone, issued Preston another reprimand for a having a house out of trust. Under action taken, the June 2001 reprimand states "Level 5, counseled John if this happens again level 6 – self termination." Clayton Homes later audited its Harold, Kentucky lot and found that Preston had been involved in four other mobile

2

home sales transactions pursuant to which homes were delivered or occupied out of trust. Preston disputes the validity of the audit.

On August 30, 2002, Clayton Homes effectively discharged Preston, although the company admits that he was not officially terminated until April 11, 2003. Clayton Homes presents evidence that Preston was replaced as manager of the Harold lot in September of 2002 by Johnny Hutchinson, who was forty-nine years old. Preston alleges that he was actually replaced by 24-year-old John Bailey, who was hired as manager of the Harold lot in April of 2003.

A few days after the August 30 effective discharge, Preston met with Kevin Clayton, CEO of Clayton Homes, and David Booth, its retail president, in an effort to understand why he was being terminated. Preston admits that Kevin Clayton and David Booth advised him that he was being terminated because he allowed homes to be delivered out of trust. According to Preston, Kevin Clayton also stated that Preston "did not fit the mold." On April 11, 2003, Clayton Homes officially terminated Preston.

Preston brought suit in Kentucky state court, alleging that he was the victim of age discrimination in employment. Clayton Homes removed to federal court and filed an answer and a counter-claim. Discovery followed, during which the only deposition taken was that of Preston, who was deposed by Clayton Homes's counsel. Clayton Homes moved for summary judgment. Preston responded, attaching a personal affidavit. Clayton Homes then filed a motion to strike Preston's affidavit and for sanctions, arguing that the affidavit was submitted in bad faith and was perjurious.

3

The district court denied Clayton Homes's motion to strike the affidavit and for sanctions, reasoning that it could not conclude that Preston's affidavit directly contradicted his prior deposition testimony. The district court nevertheless stated that it would not consider those portions of the affidavit which, when interpreted as evidence of discrimination, would contradict Preston's prior deposition testimony. The district court granted summary judgment for Clayton Homes. The district court held that Preston had not produced direct evidence of discrimination. While the district court found that Preston had asserted a prima facie case of age discrimination through circumstantial evidence, it held that Clayton Homes had offered a legitimate non-discriminatory reason for the termination, and Preston had not produced any evidence creating a genuine issue of material fact as to pretext. Preston timely appealed.

## II.

This court reviews a grant of summary judgment *de novo*. *Valentine-Johnson v. Roche*, 386 F.3d 800, 807 (6th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## A.

We must first analyze whether the district court properly refused to consider portions of Preston's affidavit because they were contradicted by Preston's earlier deposition testimony. On appeal, Preston argues that the district court improperly refused to consider the following evidence contained in his affidavit: first, Danny Maples once reprimanded Preston, who was in charge of local

4

hiring, for hiring a 59-year-old man, stating that old people were set in their ways and Clayton Homes needed young people whom it could mold in the Clayton Homes way; second, following Preston's hiring of the 59-year-old man, Clayton Homes put into effect standards designed to check the ages of all potential hires; third, Maples prevented Preston from hiring a 45-year-old individual because he was too old; fourth, Kevin Clayton told Preston after he was terminated that he "did not fit the mold" of the company; fifth, after Preston was terminated, Henry Scott and Barry Jenkins, two other Clayton Homes managers, made statements to Preston that confirmed his belief that "fit the mold" was another way of saying that "age was a factor in the direction that the company was headed."

The district court refused to consider Preston's statements concerning his interactions with Maples, which took place when he hired the 59-year-old man and attempted to hire the 45-year-old individual, because Preston did not make these allegations in his deposition. The district court also refused to consider the statements that Preston attributed to Scott and Jenkins because, to the extent that these statements meant that Scott and Jenkins agreed that Preston was terminated because of his age, Preston stated in his deposition testimony that he had no knowledge of any Clayton Homes employee's agreement with his speculation that he was terminated because of his age.

On at least three occasions during Preston's deposition, Clayton Homes asked Preston to provide his factual basis for his allegation that he was terminated because of his age. Preston never referred in his deposition to Maples's reprimanding him for hiring a 59-year-old individual, any company policy that might prevent the hiring of older employees, or his being prevented from hiring a 45-year-old individual. Instead, Preston stated that Kevin Clayton told him that he was let go

5

because he "didn't fit the mold." Preston testified at his deposition that his salary and age motivated Clayton Homes to terminate him because management was "leaning down the company" in an effort to make it more attractive in advance of a sale to Warren Buffett, adding that "[a] lot of people concur" with that conclusion. When Preston was asked who concurred, however, Preston's attorney stated, "No one with Clayton [Homes] had discussions with him about that." Later, when asked whether anybody at Clayton Homes agreed with Preston about why he was fired, Preston stated, "I guess I really don't know." When asked specifically whether Barry Jenkins agreed with Preston that Clayton Homes was trying to get rid of older people, Preston answered, "No, I've not had that conversation with Barry like that."

After a motion for summary judgment has been filed, a party cannot create a material issue of fact by filing an affidavit which contradicts his earlier deposition testimony. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1004 (6th Cir. 2003); *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991); *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986); *cf. Penny v. United Parcel Serv.*, 128 F.3d 408, 416 (6th Cir. 1997) ("[A]n inherently contradictory statement [cannot] constitute[] the 'significant probative evidence tending to support the complaint' required to withstand a motion for summary judgment." (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290 (1968))). If Preston knew of Clayton Homes employees who shared his belief that he was fired because of his age, he was required to say so at his deposition when he was specifically questioned on the subject. *See Reid*, 790 F.2d at 460. In light of the direct conflicts between his deposition testimony and his affidavit, the district court properly declined to

6

read Preston's affidavit as evidence that other Clayton Homes employees agreed that he was terminated because of his age.[1]

Preston's allegations in his affidavit concerning his previous attempts to hire older individuals present a closer question. Our review of the deposition testimony indicates that Preston was never specifically questioned on the subject of his experience with hiring or attempting to hire other employees. On the other hand, he was generally asked about evidence supporting his discrimination claim. While we decline to find that the district court abused its discretion in excluding this evidence, we also consider it in our analysis and note that its admission would not alter the result here.

### B.

We now turn to the district court's grant of summary judgment on Preston's age discrimination claim. Under the Age Discrimination in Employment Act ("ADEA"), it is unlawful for an employer to discharge an employee because of the employee's age. 29 U.S.C. § 623(a)(1). In order to establish a claim under the ADEA, a plaintiff may either produce direct evidence of age discrimination or rely upon circumstantial evidence that would permit an inference of discrimination. *Coomer v. Bethesda Hospital, Inc.*, 370 F.3d 499, 510 (6th Cir. 2004). Preston attempted to do both.

---

[1] We note that the subjective opinions of Preston and other employees about the reasons for his termination are not sufficient to support an inference of discrimination in any event. *See Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997); *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986) ("Mere personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination.").

If a plaintiff provides direct evidence of termination based on age discrimination, then the employer must persuade the trier of fact that it would have terminated the plaintiff even had the employer not been motivated by age discrimination. *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1081 (6th Cir. 1994). "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544, 548 (6th Cir. 2004).

Preston has not presented any direct evidence of age discrimination. The "fit-the-mold" statement he attributes to Kevin Clayton cannot serve as direct evidence of discrimination because this ambiguous statement can be interpreted in various ways. Although Preston claims in his affidavit that Clayton Homes created a policy to ensure the company knew the age of the employees it was hiring, Preston offers no details of any actual company policy. Finally, Preston's alleged interactions with Maples also do not constitute direct evidence that his termination was based on age. Preston has not alleged that Maples had any role in his termination, and the record contains no evidence that Maples participated in the decision. "[R]emarks made by an individual who has no authority over the challenged employment action are not indicative of discriminatory intent." *Johnson v. Kroger Co.*, 319 F.3d 858, 868 (6th Cir. 2003); *see also Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998). To the extent that Preston alleged that Maples engaged in discriminatory hiring practices, he provides no basis for us to attribute those practices to Clayton Homes or, more specifically, to Clayton Homes's decision to terminate Preston. The district court properly held that Preston failed to present any direct evidence of age discrimination.

We turn next to Preston's claim based on circumstantial evidence. Using a modified *McDonnell Douglas* burden-shifting framework, an employee bringing an age discrimination claim based on circumstantial evidence must establish a prima facie case by showing that: (1) he was at least 40 years old at the time of the discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the particular position at issue; and (4) the successful applicant was a substantially younger person. *Bush*, 161 F.3d at 368. Once the plaintiff establishes a prima facie case of age discrimination based on circumstantial evidence, the burden of production shifts to the defendant to provide a non-discriminatory reason for its action. *Id.* If the defendant comes forward with such a reason, the burden returns to the plaintiff to demonstrate that the defendant's proffered reason is in fact a pretext for discrimination. *Id.*

Clayton Homes argues that Preston did not make out a prima facie case of age discrimination because Clayton Homes did not replace Preston with a substantially younger person. The district court found a genuine issue of disputed fact, however, as to whether Preston was replaced by a substantially younger person. We will not address that ruling but will assume that it was correct for purposes of deciding this appeal. The burden having shifted to Clayton Homes, the district court properly held that Clayton Homes offered sufficient evidence that the out-of-trust sales constituted a legitimate, non-discriminatory reason for Preston's termination. Clayton Homes submitted affidavits from five employees, its retail procedures manual concerning out-of-trust transactions, the two written reprimands, and transactional documents regarding Preston's out-of-trust sales. The burden therefore properly shifted back to Preston to either establish pretext or produce evidence creating a genuine issue of material fact concerning pretext.

9

Pretext is shown where the defendant's proffered reason for the termination (1) has no basis in fact, (2) did not actually motivate defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 434 (6th Cir. 2002). Preston's testimony concedes that he was out of trust in the two instances for which he received written reprimands. Therefore, Preston cannot argue that the proffered reason has no basis in fact.

Preston also failed to create a genuine issue of material fact concerning whether the out-of-trust sales actually motivated Clayton Homes to terminate him. Although Preston asserts that the actual motivation behind his termination was to reduce the age of the workforce in advance of the sale of the company to Warren Buffett, Preston fails to offer any evidence concerning the ages of any of the company's current or former employees. Preston likewise provides no evidence of any instances that might indicate age-based employment practices by Clayton Homes. Preston's allegations regarding the two interactions with Maples surrounding the hiring of other employees do not support an inference that Clayton Homes's actual motivation in terminating Preston was age-based discrimination. Preston fails to specify when these events occurred. More importantly, as we have already noted, Preston fails to present evidence linking Maples's motivation with respect to the two previous hiring decisions to Clayton Homes's decision to terminate Preston. There is no evidence that creates a genuine issue of fact concerning the actual motivation behind his termination, merely Preston's conclusory allegations.

With respect to the question of whether the out-of-trust sales were sufficient to warrant Preston's termination, Preston asserts in his affidavit that every Clayton Homes manager with any

seniority has been out of trust at one time or another. Preston does not point to any other situation, however, in which a manager was out of trust and went undisciplined. Indeed, when asked at his deposition to name other individuals who had made sales out of trust, Preston stated, "I don't know their names right offhand. It's a big company. I just know I heard of it all the time." After his deposition, Preston did not introduce any evidence of other individuals being out of trust. Without some evidence of other out-of-trust transactions, there is no genuine issue of fact regarding the question of whether the out-of-trust sales were sufficient to warrant Preston's termination.

Preston failed to present any evidence that the out-of-trust sales were merely a pretextual reason on which to base his termination; accordingly, the district court properly awarded defendant summary judgment on Preston's discrimination claim based on circumstantial evidence.

## III.

For the foregoing reasons, we affirm the district court's decision.