NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0223n.06

No. 21-5891

**FILED**
Jun 03, 2022
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| AHMAD T. RAFEE, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| VOLVO GROUP NORTH AMERICA, LLC, a Delaware limited liability company, | ) ) ) | |
| | ) | |
| Defendant-Appellee. | ) ) ) | OPINION |

Before: MOORE, STRANCH, and LARSEN, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** This case concerns a claim of unlawful employment discrimination under the Age Discrimination in Employment Act (ADEA). In May 2019, Volvo received allegations that Ahmad Rafee, a 66-year-old Team Leader, yelled and cursed at a member of his team. Following an investigation, Volvo concluded that Rafee engaged in the accused conduct in violation of company policy and terminated him. Rafee sued Volvo, asserting that it unlawfully discriminated against him because of his age. The district court granted summary judgment to Volvo, concluding that no reasonable jury could find that Volvo's proffered reason for his termination was pretextual. Because the district court did not err, we **AFFIRM**.

## I. BACKGROUND

### A. Factual Background

Volvo hired Rafee as a Warehouse Operator in its Byhalia, Mississippi facility on November 16, 2015, when he was 63-years old. As Warehouse Operator, he was represented by

a union. Volvo later promoted Rafee to Team Leader, an at-will, supervisory position, which he held until his termination.

In May 2019, Volvo allegedly received a complaint that Rafee was aggressive with and screamed at Karmyko Brock, a member of his team. Michael Johnson, a Service Market Logistics Manager, and Sheryl Freeman, the Human Resources Manager, led Volvo's investigation into the allegations.

As part of the investigation, Johnson interviewed three uninvolved bystanders as witnesses: Angela Hardaway, Carolyn Humphreys, and Denise Glass. Freeman and Johnson also jointly interviewed Brock and Rafee, the two individuals alleged to be involved in the altercation. The three uninvolved witnesses, according to Johnson, provided consistent accounts of what transpired: Brock failed to complete a task assigned to him, and when Brock tried to explain what happened, Rafee became combative and screamed at him using profanity. Some of the employees also explained that Rafee's use of vulgar and profane language was not uncommon; indeed, most employees seemed unphased by it, explaining that "[t]hat's just how Mr. A is, he really didn't mean anything by it." Following the interviews, Johnson also obtained written statements from each of the three witnesses.

During Brock's interview, according to Johnson, Brock neither confirmed nor denied the allegations but instead dismissed them, explaining, "that's just Mr. A." Rafee, on the other hand, completely denied that the incident occurred and claimed that he would never use profanity with his subordinate coworker.

Following the interviews and faced with conflicting accounts, Johnson and Freeman concluded that Brock was downplaying the incident and decided that the accounts of the three uninvolved witnesses were more credible. As a result, they found that Rafee's conduct violated

Volvo's Code of Conduct, Harassment Policy, and Workplace Violence Policy, and terminated him for violations of those policies around May 21, 2019.

### B. Procedural Background

Rafee sued Volvo, claiming that his termination amounted to unlawful age discrimination in violation of the ADEA. Volvo timely moved for summary judgment before the district court, contending that Rafee could not establish pretext because it held an honest belief in its reason for terminating him.

The district court granted summary judgment to Volvo on the ADEA claim. Based on the record, the court found that Volvo's investigation into Rafee's conduct was "reasonably informed and considered": the "investigation included interviewing three uninvolved individuals regarding the alleged incident, interviewing Brock and Rafee, speaking to other employees about Rafee's conduct more generally, and personally observing Rafee's use of profanity and counseling Rafee about his communication with other employees." Volvo, the district court reasoned, was therefore within its rights to rely on that investigation to support an honest belief that Rafee's misconduct occurred. Rafee, for his part, failed to present any evidence regarding improprieties in the investigation or showing that Volvo's decision was not reasonably informed to rebut Volvo's honest belief and create a dispute of material fact. Accordingly, the court concluded that Rafee failed to show that a reasonable jury could find that Volvo's proffered reason for his termination was a pretext for age discrimination. The district court also found that Rafee failed to proffer any evidence to demonstrate that age was ultimately the but-for cause of his termination. The district court granted summary judgment to Volvo, and this appeal followed.

## II.    ANALYSIS

On appeal, Rafee asserts that the district court erred in granting summary judgment to Volvo because it made determinations as to witness credibility and improperly drew inferences against him.   He argues that the record contains several disputes of material fact concerning pretext, pointing to:   questions about who made the initial complaint to Volvo, conflicting statements made during Volvo's investigation into the allegations, and Volvo's shifting rationales for his termination.  Rafee, moreover, contends that the record supports a triable issue over whether age was the but-for cause of his termination.

We review de novo the court's grant of summary judgment.  *Wilson v. Gregory*, 3 F.4th 844, 855 (6th Cir. 2021).  Volvo is entitled to summary judgment if it can show "the absence of a genuine dispute of material fact as to at least one essential element" of each claim for which it seeks judgment.  *Troutman v. Louisville Metro. Dep't of Corr.*, 979 F.3d 472, 481 (6th Cir. 2020) (quoting *Romans v. Mich. Dep't of Hum. Servs*, 668 F.3d 826, 835 (6th Cir. 2012)).  In our analysis, we draw all reasonable inferences in favor of the non-moving party—Rafee.  *Wilson*, 3 F.4th at 855.

The ADEA prohibits employers from taking an adverse employment action "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  Plaintiffs seeking relief under the ADEA may present either direct or circumstantial evidence to establish a violation.  *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).

Rafee deploys the circumstantial evidence method, which invokes the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under that framework, a plaintiff must first establish a prima facie case of discrimination by showing:

"(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was . . . treated differently than similarly-situated, non-protected employees." *Wright v. Murray Guard, Inc.,* 455 F.3d 702, 707 (6th Cir. 2006) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004)). "[T]he prima facie case 'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.' Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Tex. Dep't of Cmty. Aff. v. Burdine*, 450 U.S. 248, 254 (1981) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). If the employee meets this burden, the employer must respond by articulating "some legitimate, nondiscriminatory reason" for the adverse employment action at issue. *McDonnell Douglas Corp.*, 411 U.S. at 802. The burden then shifts back to the employee to rebut the "proffered reason by proving that it was pretext designed to mask discrimination." *Provenzano*, 663 F.3d at 812. At this stage, our precedent instructs that a plaintiff "may, but will not necessarily" need to provide additional evidence beyond the prima facie case to survive summary judgment. *Blair v. Henry Filters, Inc.*, 505 F.3d 517, 533 (6th Cir. 2007), *abrogated on other grounds by Gross v. FBL Fin. Savs., Inc.*, 557 U.S. 167, 180 (2009). But, in any case, "the ultimate burden of persuasion remains on the plaintiff to demonstrate that age was the 'but-for' cause of their employer's adverse action." *Provenzano*, 663 F.3d at 812.

The parties do not dispute that Rafee established a prima facie case of discrimination—the first stage of the framework—or that Volvo's proffered legitimate and nondiscriminatory reason for Rafee's termination was his altercation with his subordinate, during which he allegedly used profane, harassing, and threatening language—the second stage. The parties diverge at the third: whether Volvo's proffered reason for terminating Rafee was pretext for age discrimination.

To survive a motion for summary judgment at the pretext stage, Rafee need only prove "enough to create a *genuine issue* as to whether the rationale is pretextual." *Whitfield v. Tennessee*, 639 F.3d 253, 260 (6th Cir. 2011) (alteration in original). There are a number of ways to establish an inference of pretext to defeat summary judgment. Traditionally, plaintiffs do so "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000). No matter the method, the evidence must create an inference that the reason proffered for termination was really a mask for discrimination.

Rafee attempts to establish an inference of pretext by asserting that Volvo's proffered reason has no basis in fact and that Volvo's proffered reason did not actually motivate his termination. He argues that the district court erred in finding that no disputes of material fact exist regarding either method of establishing pretext. We address these arguments in turn.

### A. No Basis in Fact

With respect to the first category, Rafee chiefly takes issue with the district court's conclusion that Volvo had an "honest belief" in its nondiscriminatory reason for terminating him. "[A] pretext argument falling into the first category . . . may be defeated by conclusive evidence that the defendant 'honestly believed' its proffered reason, and that the belief was reasonably based on 'particularized facts that were before it at the time the decision was made.'" *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 515 (6th Cir. 2021) (quoting *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 714 (6th Cir. 2007)). In other words, "the honest-belief rule gives a defendant the opportunity to rebut a plaintiff's third-step argument that the defendant's proffered reason for the adverse action lacks a basis in fact and is therefore pretextual." *Id.* If an employer shows that it "made a reasonably informed and considered decision before taking an adverse employment action, . . . the

employee has the opportunity to produce proof to the contrary." *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 896 (6th Cir. 2016) (quoting *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)), *abrogated on other grounds by Babb v. Maryville Anesthesiologists, P.C.*, 942 F.3d 308, 319 (6th Cir. 2019)

The undisputed facts of the record show that Volvo conducted a reasonable investigation into the allegations. As the district court noted, Volvo spoke to potential witnesses, collected statements, and drew from the investigators' own experiences with Rafee—that he was often aggressive and had used profanity in the workplace—to conclude that Rafee likely engaged in the alleged conduct. As a result of the investigation, Volvo determined that while acting in his position of Team Leader—an at-will, supervisory position—Rafee violated company policy which led to his termination. The record shows that Volvo conducted a reasonably diligent inquiry into the reported allegations, which allows Volvo to rely on the facts from its investigation to support its honest belief. *See, e.g.*, *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 531 (6th Cir. 2012).

Rafee contends that the investigation resulted in triable issues regarding pretext. He asserts two primary concerns with the investigation—that Volvo improperly chose to rely on the accounts of the three uninvolved witnesses over the different stories of Rafee and Brock, and that Volvo refused to disclose (or does not know) who made the initial complaint (suggesting that no one ever made a complaint). We turn to those arguments.

Rafee first faults the district court for improperly making a "credibility determination" concerning Volvo's decision to believe the accounts of the three witnesses over those of Rafee and Brock. But the district court assessed only whether *Volvo's determination* of credibility in the course of its investigation was supported by the factual record, as part of its analysis of Volvo's honest belief argument. And, as discussed above, employers may make determinations based on

the information uncovered by a sufficiently diligent investigation. "That [Rafee] or the court might have come to a different conclusion if they had conducted the investigation is immaterial." *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 287 (6th Cir. 2012). It is true that a plaintiff equipped with evidence of improprieties showing that an investigation was deficient can preclude summary judgment. *See Babb*, 942 F.3d at 322–23; *see also Shazor v. Prof. Transit Mgmt.*, 744 F.3d 948, 961 (6th Cir. 2014) (concluding that employer's investigation into alleged misconduct that consisted of speaking with one person without establishing "sufficient particularized facts . . . failed to establish a foundation for the honest belief doctrine to apply"). But because Rafee has not pointed to any such evidence, his argument does not cast doubt on Volvo's honest belief that Rafee engaged in the alleged conduct.

As to Rafee's argument disputing the existence of an initial complaint, Rafee does not point to any evidence to show a factual dispute over the issue, nor does he explain how such a fact, even if in dispute, is material to establishing pretext. Indeed, it is undisputed that multiple witnesses corroborated the allegations, and, in any case, Volvo's policy expressly allows for anonymous reports. Rafee "must put forth evidence which demonstrates that the employer did not 'honestly believe' in the proffered non-discriminatory reason for its adverse employment action." *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 286 (6th Cir. 2012) (quoting *Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001)). But Rafee has not shown how this missing piece of information raises an impropriety in Volvo's investigation. His argument, instead, amounts to a "bare assertion that the employer's proffered reason has no basis in fact" which "is insufficient to call an employer's honest belief into question, and fails to create a genuine issue of material fact." *Seeger*, 681 F.3d at 285 (quoting *Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 791 (6th Cir. 2006)).

Rafee's arguments thus fail to raise a triable issue over whether Volvo's decisional process is "unworthy of credence" and do not defeat Volvo's reliance on its honest belief that Rafee engaged in misconduct. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994) (quoting *Burdine*, 450 U.S. at 256), *abrogated on other grounds by Gross*, 557 U.S. at 180.

## B. True Motivation

Rafee next suggests that Volvo's proffered reason for terminating him was not the true motivation behind his termination because the record shows that Volvo shifted its reasons for his termination. In general, "[s]hifting justifications over time calls the credibility of those justifications into question." *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 592 (6th Cir. 2002); *see also Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 541 (6th Cir. 2014).

The facts in *Cicero* illustrate this rule. When employer Borg-Warner fired employee, Cicero, it had "never said [it] discharged [him] for poor work performance." *Cicero*, 280 F.3d at 592. After suit was filed, "[i]n answering interrogatories, Borg-Warner for the first time said it fired Cicero because of poor performance." *Id.* During depositions, however, the manager explained that Cicero was fired because Borg-Warner fired his entire team for "fail[ing] to sell the Romulus facility as planned." *Id.* As it turned out, "Borg-Warner, . . . did not fire all of the . . . team members." *Id.* At summary judgment, the employer "again shifted its position," claiming that it did not fire Cicero's entire team, but "only those members who dealt with the company's headquarters in Chicago." *Id.* We concluded that "[w]hen the justification for an adverse employment action changes during litigation, that inconsistency raises an issue whether the proffered reason truly motivated the defendants' decision." *Id.*

Rafee explains that Volvo improperly shifted its reasons as follows:

During the EEOC process it was clearly the incident involving Mr. Brock [that motivated his termination]. In fact, the Appellee clearly told the EEOC that Mr. Brock was the individual who made the initial complaint against the Appellant. However, when it came time to file the motion for summary judgment . . . , this rationale morphed into a series of unreported violent outburst[s] on the part of the Appellant. It is worth noting that some of these alleged incidents were claimed to have been witnessed by Mr. Johnson who did not see any need to mention them until some two years after the termination of the Appellant.

(Appellant Br. at 24–25)

But here, unlike in *Cicero*, Volvo's reason for terminating Rafee has remained consistent over time and over the course of this litigation: Rafee was fired due to his altercation with Brock. Rafee's explanation does not amount to a material departure that would call into question Volvo's motivation. Indeed, the additional conduct that Rafee contends motivated the termination (and amounted to a departure from the initially proffered reason) is not determinative because "additional, non-discriminatory reasons that do not conflict with the one stated at the time of discharge does not constitute shifting justifications." *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 328 (6th Cir. 2021) (quoting *Miles v. S. Cent. Hum. Res. Agency, Inc.*, 946 F.3d 883, 891 (6th Cir. 2020)). It is also unclear whether Volvo relied on that additional information as part of its reasoning for terminating Rafee—as Rafee suggests—or whether it relied on that information to corroborate the allegations that ultimately led to Rafee's termination—as Volvo asserts. On this record Rafee has failed to raise a genuine dispute of material fact that calls into question Volvo's proffered reason for terminating him.

Because Rafee has not established that Volvo's proffered reason for his termination was a pretext for age discrimination, the district court did not err in granting summary judgment to Volvo.

### III.   CONCLUSION

In light of the foregoing, we **AFFIRM** the district court's judgment.